WILLIAM ROUNDS *versus* CITY OF BANGOR.

Where the statute requires a public officer to give a bond, to be approved be-
fore he acts, he cannot justify as an officer *de jure*, until such a bond has
been given and approved.

A person who has been duly elected as pound keeper, and has taken the oath
of office, has no power to act, until he has filed his official bond, and it has
been approved.

A city or town is not responsible in damages for the acts of a person claiming
to be pound keeper, done before the approval of his official bond.

ON FACTS AGREED UPON.

THIS was an action of the CASE to recover damages for the
illegal doings of Thomas N. Mansfield, alleged to be pound
keeper of the city for the year 1853.

Mansfield was legally chosen pound keeper, and took the
proper oath, June 6, 1853. His bond was dated June 7, 1853,
but was not approved by the aldermen until August 9. Be-
tween the date of the bond and of its approval, sundry swine of
the plaintiff were taken up, impounded and sold by Mansfield,
as pound keeper. The plaintiff brought an action of trover
against Mansfield, for illegally taking the swine and convert-
ing them to his own use. The city of Bangor, by its city
solicitor, defended the action; but the plaintiff recovered
judgment against Mansfield, October term, 1857, for $165
damages, and $33,45 costs. This judgment is in force and
unsatisfied, Mansfield having no attachable property.

The Court is to order a nonsuit or default, as the facts and
law of the case may require.

*A. Sanborn*, for the plaintiff, argued that Mansfield, having
been duly elected and sworn, was pound keeper *de jure*.
The city, having assumed the defence of the action against
Mansfield, was estopped to deny that he was pound keeper.

*G. W. Ingersoll*, for the defendants.

The opinion of the Court was drawn up by

APPLETON, J. —It appears that Thomas N. Mansfield was legally chosen pound keeper of the city of Bangor, and took the oath prescribed by the statute on June 6th, 1853; and that he furnished a bond, which was not approved until the 9th of Aug., 1853. Between these dates, claiming to act as an officer, he impounded thirteen swine of the plaintiff's, for which an action of trover was commenced, in which judgment was rendered against him, on the ground that he could not justify as pound keeper, without showing that his bond had been approved before the acts complained of were done. *Rounds* v. *Mansfield*, 38 Maine, 586.

When a public officer is required to give a bond, which is to be approved before he can act, he cannot justify as an officer *de jure*, until the statutory bond has been filed and approved. It is not enough that he has been chosen. · He may have taken the oaths which the statute prescribed. Yet he may never be able to furnish the requisite bond. He is not an officer by the mere fact of his choice. This has been uniformly held to be the law, as well in regard to public officers, as to those holding private trusts under the provisions of our public statutes. Where a suit is brought against individuals, who justify as public officers, they must show themselves officers *de jure*, and that they were qualified by taking the oath required by law. A record that they were sworn is insufficient. *Blake* v. *Sturtevant*, 12 N. H., 569. So in case of trustees under a will, who have omitted to give the bond required by statute. *Williams* v. *Cushing*, 34 Maine, 372. The refusal by a collector of taxes to furnish the sureties required by statute, is held a non-acceptance, though he may have taken the oath of office. *Morrell* v. *Sylvester*, 1 Greenl., 248. The right of the pound keeper to act depends upon first giving a bond, and its approval. *Rounds* v. *Mansfield*, 38 Maine, 586.

This action is brought under the provisions of statute 1853, c. 17, § 4, reënacted substantially in the R. S., 1857,

c. 23, § 6, which is in these words:—"Each city or town shall be responsible in damages to the party injured, for all *illegal doings or defaults of its pound keeper,* in any appropriate action to recover such damages; and such pound keeper shall give a bond with sufficient surety or sureties, to be approved by the aldermen or selectmen, for the faithful performance of the duties of *his office, before he shall be entitled to act as such pound keeper.*"

The acts for which the city or town is to be made liable, under this statute, are such as are done by "its pound keeper," not those done by a stranger or by one who may afterwards become a pound keeper. Until the bond was approved, Mansfield was not the pound keeper of the city. The bond might never be approved. Whether it would, or would not be, was in the future. When the injury complained of was done, Mansfield was acting as a private citizen, and the plaintiff is no more entitled to remuneration from the city for his wrongful acts, than for those of any other individual, who, without right, might have converted his property to his own use. The plaintiff entirely fails to bring his case within the provisions of the statute upon which he relies.

The fact that the defence of Mansfield was conducted by the city solicitor cannot enlarge the rights of the plaintiff. The mere assumption by the city, of the defence, will no more render it liable for the unauthorized acts of Mansfield, when not "its pound keeper," than for those of any other of its inhabitants. *Plaintiff nonsuit.*

TENNEY, C. J., and CUTTING, MAY, DAVIS, and KENT, J. J., concurred.