**WITTENBROOK, Admx. v COLUMBUS (City)**

Ohio Appeals, 2nd Dist, Franklin Co

No 3294. Decided Feb 13, 1941

Walter B. Moore, Columbus, and Phil S. Bradford, Columbus, for plaintiff-appellant.

John L. Davies. City Attorney, Columbus. and Baxter Evans, Columbus Special Counsel, for defendant-appellee.

## OPINION

### By BARNES, J.

The above entitled cause is now being determined as an error proceeding by reason of plaintiff's appeal on questions of law from the judgment of the Court of Common Pleas of Franklin County, Ohio.

The plaintiff administratrix through her petition sought to recover a judgment against the city of Columbus for damages for what she claimed to have been the wrongful death of decedent.

Three petitions were filed in order, to all of which demurrers were filed and sustained. Following the sustaining of the general demurrer to the second amended petition, and plaintiff not desiring to plead further, final judgment was entered for the defendant and plaintiff's action dismissed.

The second amended petition contained all allegations presented in the original petition and first amended petition and some one or two additional allegations.

While plaintiff sets out in their brief four separately stated and numbered specifications of error, all of these may be encompassed under the single question as to whether or not the court committed prejudicial error in sustaining the demurrer to the second amended petition and entering final judgment.

The following statement of facts will render understandable the basis of plaintiff's claim for damages.

It is set out in the petition that on or about 6:55 A. M. on March 29, 1938, the defendant, through its police officers, without any charges being filed or warrant issued and without cause, arrested plaintiff's decedent and placed him in the City Prison, owned, controlled and operated by defendant; that at that time plaintiff's decedent was weak, sick and needed medical care and attention; that because of his said incarceration he was not permitted to nor was he able to procure such medical care and attention for himself; that defendant knew at all times mentioned that her decedent was weak, sick and badly in need of medical care and attention, and notwithstanding the fact that said defendant at that time had in its regular employ two physicians for the purpose of rendering medical care and attention to the inmates of its City Prison, failed, refused and neglected to furnish her decedent with any medical care or attention and that by reason of such failure, refusal and neglect on the part of the defendant and as a result thereof, in the weak and sick condition of plaintiff's decedent, he died, on the 31st day of March, 1938, while still confined in defendant's City Prison; that but for the defendant's failure, refusal and neglect as alleged plaintiff's decedent would not have died.

That at no time while plaintiff's decedent was confined in defendant's City Prison was any criminal charge of any kind or character preferred or filed against him, and that the plaintiff's decedent was not lawfully detained by defendant.

Wherefore, plaintiff claims that she as surviving spouse and the children and next of kin of said decedent were damaged in the sum of $50,000.00.

Through the general demurrer filed by the defendant City the major questions raised and discussed were the following:

First, it was the claim of the City that it was not liable if the acts complained of were in the nature of a governmental function as distinguished from a ministerial function, unless liability is created by statute.

Second, that under the allegations in the petition, the owning, maintaining and operating of a police station and

having in its service police officers are governmental functions.

Third, that the Legislature of Ohio has not enacted any law creating liability against municipalities under situations such as the allegation of facts disclosed.

Counsel for plaintiff recognize the principles of law and cite authorities through which they urge the sufficiency of the petition.

The principle of law is handed down from the common law founded on the ancient doctrine "that the king can do no wrong".

The principle is very generally followed throughout the United States. It is provided under the Constitution of Ohio that the state may not be sued except as provided by law. The Legislature of Ohio has not exercised its privilege except in one instance.

The courts have held that since counties are subdivisions of the state they may not be sued except the right is granted by a statutory enactment. Municipalities receive their existence by legislation and are granted powers, some of which are governmental and others ministerial. In all matters relating to municipal functions, rights of action exist against municipal corporations the same as private corporations, but acts which partake of the nature of governmental functions are not actionable except as authorized by statutory law. These principles of law are as old as the state itself, with occasional modification of the rules through legislative enactment. Counsel for plaintiff called attention to §3615 GC, defining the powers of a municipality and which in part reads as follows:

"Each municipal corporation shall be a body politic and corporate which shall have perpetual succession, may use a common seal, sue and be sued * * *."

If this was an original question, it might be necessary to give considerable thought to the question as to the limitations, if any, on the words "sue and be sued". We think that the language is very definitely limited, so far as the right to sue is concerned, to cases where unquestioned liability exists as in ministerial acts, or are brought into existence by legislation when it refers to governmental acts. The appropriate reference to Ohio decisions will be presented later. Attention is also called to §10509-166 GC, which is generally referred to as "the wrongful death statute". This section is invoked on the theory that a right of action on behalf of next of kin was unknown to the common law and hence is a creature of statute. The section, among other things, contains the following:

"When the death of a person is caused by a wrongful act, neglect or default * * *, the corporation which, or the person who, would have been liable * * *."

The use of the word "corporation" is urged to be significant in that it is used generally and not limited to private corporations. We think the first paragraph of this section fully answers the argument of counsel for plaintiff and against her contention: "when the death of a person is caused by a wrongful act, neglect or default, such as would have entitled the party injured to maintain an action and recover damages in respect thereof, if death had not ensued * * *." Under this part of the section it is specifically provided that the action for wrongful death does not exist except that a cause of action would have existed had death not ensued.

We are also referred to Article I, §1, Bill of Rights:

"All men * * * have certain inalienable rights among which are those of enjoying and defending life and liberty * * * and seeking and obtaining happiness and safety."

Also Article I, §16 of the Bill of Rights:

"All courts shall be open and every person having an injury done him in his lands, goods, person or reputation

shall have remedy by due course of law and shall have justice administered without denial or delay."

These two quoted provisions of the Bill of Rights are very general in their character and there still remains the question as to whether the provisions thereof demand a creation of liability against municipalities under any and all circumstances the same as individuals or private corporations. We are also referred to §§4125, 4126 and 3668 GC. The first section, to-wit, 4125, provides in substance that the marshal or chief of police shall provide all persons confined in prison with necessary food during such confinement and see that such places of confinement are kept clean and made comfortable for the inmates thereof.

Sec. 4126 provides in part that the council by ordinance shall make provision for sustaining all persons sentenced to or confined in such prisons at the expense of the corporation. And §3668 authorizes the council to provide suitable hospitals for the reception and care of such prisoners as may be diseased or disabled, etc.

We get no assistance from these sections on the vital question involved in the instant case.

We are also referred to the case of **Goodloe v City of Cincinnati, 4 O. Rep. 500.** The language of the syllabus is extremely broad and reads as follows:

"When the corporation of a town acts illegally and viciously to the prejudice of an individual an action on the case for damages may be sustained against such corporation."

This case was decided in 1831. At that time it had not been determined that the syllabus necessarily stated the law of the case. When we examine the statement of facts and the opinion of the court we find that the question involved was claimed damage through change of grade of a street.

Such right of action exists today through legislative enactment.

We are also referred to Volume 43, Corpus Juris, p. 920, §1700, wherein the statement is made that a municipality is liable "and for its torts against individuals it may in a proper case be sued in a civil action for damages like a private corporation." We think the words "in a proper case" have significance. The following section, to-wit, **1701, p. 921,** is enlightening:

"In some cases the rule has been broadly stated that a municipal corporation being a governmental agency, is not liable in an action for damages sustained by the torts of its officers or agents unless it is made so by statutory provision."

It will be found advantageous to read the remainder of this §1701. Reference is also given to Volume 43, Corpus Juris, p. 939, wherein it is provided in the text as follows:

"Even where the officers of a municipal corporation are discharging governmental functions and police powers, if they invade property rights the doctrine of respondeat superior applies and the corporation is liable for their acts."

In Note 77 of the annotations which is the authority for the above text, only one decision is stated, that of Rounds v Bangor, 46 Me. 541. The text is to be distinguished from the instant case in that it refers to property rights. In any event the Ohio rule may not be so broadly stated except that the right is created by statute.

We are also referred to the case of **Commissioners v Mighels, 7 Oh St 109,** and a quotation is made from page 119 of the opinion. We fail to see where counsel can have any comfort from this Mighels case for the reason that the court very clearly and positively determined that the Board of Commissioners of the county are not liable in their quasi-corporate capacity, either by statute or common law, in an action for damages for injury resulting to a private party by their negligence in the discharge of their official functions.

590

We are also referred to the case of In re Brovillette, reported in 111 Southern 491.

This case apparently is supporting to plaintiff's conclusion, but in no sense is authority unless we should find that the Supreme Court of Ohio has not made pronouncement of principles controlling under the facts of the instant case.

Contra the argument of counsel for plaintiff the brief of defendant cites many cases which we think are directly in point on principle and support the action of the trial court.

The first case presented is that of **Aldrich v The City of Youngstown, 106 Oh St 342**, decided in 1922. The first syllabus reads as follows:

"1. The creation and maintenance of a police department by a municipality are done in the exercise of its governmental function. The performance of an act by an official of such departments is not the performance of a ministerial act for which a municipality becomes liable under the maxim respondeat superior."

Syllabus 2 reads as follows:

"2. A municipal corporation is not in the absence of a statutory provision liable in damages to one injured for the negligent act of its police department or any of its members. **Fowler, Admr. v The City of Cleveland, 100 Oh St 158**, overruled. **Frederick, Admr. v City of Columbus, Ohio, 58 Oh St 538**, and **Wheeler v City of Cincinnati, 19 Oh St 19**, followed and approved."

In passing, it might be proper to say that we have examined **Fowler, Admr. v City of Cleveland, 100 Oh St 158**, where the court announced a rule of liability where servants or agents of a municipality were in the performance of a purely ministerial act. The court held that the principle of respondeat superior would apply. It also will be noted that the Frederick case, **58 Oh St 538**, was overruled.

The latter case of **106 Oh St**, above referred to, not only overrules the Fowler case, but re-establishes the principles set out in the Frederick case.

In the case of **Bell v City of Cincinnati, 80 Oh St, page 1**, the Supreme Court made the pronouncement that the municipal corporation in the execution of the powers conferred as to workhouses and the performances of duties imposed is an agency of the sovereign state in aid of the preservation of order and the punishment of offenders against the laws of the state and the ordinances of the corporation.

In **Rose v City of Toledo, 1 C. C. N.S. 321**, it was held that a municipality was not liable to a prisoner confined in a workhouse and who suffered in health by being placed in a small, damp and unsanitary dungeon. Such nonliability was placed upon the ground that the municipality was in the exercise of a governmental function.

In **Green v Commissioners of Muskingum County, 33 C. C. N.S. 212**, the Circuit Court held that no liability can attach to a municipal corporation on account of an injury to a workhouse prisoner while operating, by compulsion, a machine alleged to have been defective.

In the case of **Alvord, Admr. v Village of Richmond et, 3 N. P. 136**, the trial court held that officers of a municipal corporation, in making an arrest upon a criminal charge and placing the accused in a lockup provided for that purpose by the municipality, are acting as officers of the law and of the state as a sovereign and not as representatives of the municipal corporation. It is further held that the municipality was not liable in damages for any excess of force made in making the arrest, want of authority of law to make it, or for careless or cruel treatment while in custody. Also, in the same case, in the 4th syllabus, it is stated that the municipality in providing a lockup in which to confine prisoners is acting under the authority and as agent for the state and is not liable for any of those imprisoned therein. In the opinion on page 138, the trial court makes the

statement that the municipal corporation is not liable for damages for the death of a prisoner caused by the burning of its jail while such prisoner was confined therein, though such fire was caused by the wrongful acts of the agents of the municipality.

Other cases are cited which we have examined and do not deem it necessary to make further comments.

We think that the law is definitely settled in Ohio that the maintenance of a county jail by a municipality is a governmental function; that no liability exists against the municipality except where the act complained of was in the performance of a ministerial function or of a governmental function, that a statutory remedy is provided; that in Ohio no statutory remedy is provided under situations such as presented in the instant case. We arrive at the conclusion that the trial court acted correctly in sustaining demurrers to petitions and in entering final judgment.

There being no prejudicial error presented, the judgment of the trial court will be affirmed.

Costs will be adjudged against appellant in this court.

GEIGER, PJ., & HORNBECK, J., concur.